IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| **KEVIN BATES,** §<br>    Plaintiff/Counter-Defendant, §<br>§<br>**v.** §<br>§<br>§<br>§<br>**U.S. BANK NATIONAL ASSOCIATION,** §<br>**AS TRUSTEE, SUCCESSOR IN** §<br>**INTEREST TO BANK OF AMERICA,** §<br>**NATIONAL ASSOCIATION, AS** §<br>**TRUSTEE, SUCCESSOR BY MERGER** §<br>**TO LASALLE BANK NATIONAL** §<br>**ASSOCIATION, AS TRUSTEE, FOR** §<br>**RESIDENTIAL ASSET MORTGAGE** §<br>**PRODUCTS, INC., MORTGAGE ASSET-** §<br>**BACKED PASS-THROUGH** §<br>**CERTIFICATES, SERIES 2007-RP1; AND** §<br>**OCWEN LOAN SERVICING, LLC;** any to §<br>act as Substitute Trustee(s) §<br>    Defendants/Counter-Plaintiffs/Third- §<br>    Party Plaintiffs §<br>§<br>**v.** §<br>§<br>**REGINA BATES** §<br>    Third-Party Defendant §  | Civil Action No. **4:19-cv-65-O** |

**ORIGINAL COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF
DEFENDANTS/COUNTER-PLAINTIFFS U.S. BANK, AS TRUSTEE
AND OCWEN LOAN SERVICING, LLC**

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, INC., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP1 ("U.S. Bank") and Ocwen Loan Servicing LLC ("Ocwen" and together with U.S. Bank, "Counter-Plaintiffs") file this their *Original Counterclaim and Third-Party Complaint* against

Plaintiff/Counter-Defendant Kevin Bates and Third-Party Defendant Regina Bates and respectfully show as follows:

## A. BACKGROUND

1. Kevin Bates filed this action on December 31, 2018, in the 48th Judicial District Court for Tarrant County, Texas, Cause No. 048-305277-18, in the matter styled *Kevin Bates v. U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP1; Ocwen Loan Servicing, LLC; any to act as Substitute Trustees*. (ECF Docket No. 1 at exhibit B-1.)

2. Counter-Plaintiffs properly removed the State Court Action to this Court on January 18, 2019. (ECF Docket No. 1.)

## B. PARTIES AND JURISDICTION

3. U.S. Bank and Ocwen are the Defendants, Counter-Plaintiffs and Third-Party Plaintiffs in this cause.

4. Plaintiff/Counter-Defendant Kevin Bates and Third-Party Defendant Regina Bates are borrowers and mortgagors who executed the Loan Agreement at issue in this case. Kevin Bates has previously appeared in this cause and may be served through his counsel of record in this case. Upon information and belief, Regina Bates is a citizen and resident of Texas, currently residing at 1012 South Hollow Drive, Southlake, TX 76092. Summons is requested.

5. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff/Counter-Defendant Kevin Bates, Third-Party Defendant Regina

Bates and Counter-Plaintiffs, and more than $75,000.00 is in controversy in this cause, exclusive of interest and costs, as further detailed in the Notice of Removal. 28 U.S.C. § 1332.

### C. SUMMARY OF FACTS

6. The foregoing paragraphs are incorporated by reference for all purposes.

7. On or about October 25, 2000, Kevin bates executed a Texas home equity adjustable rate note ("note") in the original principal amount of $310,400.00 payable to Alpha Mortgage USA, Inc. ("Alpha").

8. On that same day, to secure payment of the Note, Kevin Bates and his wife Regina Bates (the "Bates") executed a *Texas Home Equity Security Instrument* ("Security Instrument" and together with the Note, the "Loan Agreement") in favor of Alpha, whereby they granted Alpha a security interest in the real property commonly known as 1012 South Hollow Drive, Southlake, TX 76092, and more particularly described as:

> LOT 11, BLOCK 1, OF SOUTH HOLLOW, PHASE 1, AN ADDITION TO THE CITY OF SOUTHLAKE, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, PAGE 3091, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS

(the "Property"). The Security Instrument was recorded on November 10, 2000 under Instrument Number D200255850 in the Official Public Records of Tarrant County, Texas.

9. The Security Instrument has been assigned to U.S. Bank through a series of assignments that have been recorded in the Official Public Records of Tarrant County, Texas. U.S. Bank is the current owner and holder of the Note and beneficiary of the Security Instrument. Ocwen services the Loan Agreement for U.S. Bank.

10. The Loan Agreement provides that should the Bates fail to make payments on the Note as they became due and payable, or should Bates fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Loan

Agreement by selling the Property pursuant to applicable law and in accordance with the provisions set out therein.

11. On or about April 22, 2015, U.S. Bank filed an *Application for an Expedited Order Under Rule 736 on a Home Equity Loan* in the 67th District Court of Tarrant County, Texas under Cause No. 067-278056-15.

12. Before a foreclosure sale could be conducted, the Bates filed an *Original Petition* in the 67th District Court of Tarrant County, Texas under Cause No. 067-278056-15 that challenged U.S. Bank's right to foreclose.

13. U.S. Bank removed Cause No. 067-278056-15 to the U.S. District Court for the Northern District of Texas where it was given Case Number 4:16-cv-00173-Y.

14. The parties then entered into a *Confidential Settlement Agreement and Release* (the "Settlement Agreement") whereby the Bates agreed to submit a discounted payoff to satisfy the loan before December 31, 2016. The Agreement also stated that if the Bates fail to deliver the discounted payoff that they agreed "**that they will not take any action to stop, delay, or prevent Ocwen's foreclosure of the Property or possession of the Property thereafter**." [emphasis added].

15. The Bates failed to timely submit the payoff amount.

16. A *Notice of Default and Intent to Accelerate* ("Notice of Default") was originally sent to the Bates on or about November 25, 2014, via U.S.P.S. certified mail to the Property address of 1012 South Hollow Drive, Southlake, Texas 76092. Copies of the Notice of Default were also sent to the Bates' attorney of record, Michael Binkley, Esq., at PO Box 820711, Fort Worth, Texas 76182.

17. The default has not been cured.

### D.     CAUSE OF ACTION—DECLARATORY JUDGMENT

18.     The foregoing paragraphs are incorporated by reference for all purposes.

19.     The parties to this action previously entered into a binding settlement agreement. The Bates have failed to abide by the Settlement Agreement and are therefore in default of the same. Accordingly, Counter-Plaintiffs are entitled to their remedies as provided in the Settlement Agreement. Further, Plaintiff's filing of this instant action is itself an action in violation of the Settlement Agreement. Counter-Plaintiffs are entitled to foreclose on the Property.

20.     The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. A declaratory judgment counterclaim is proper if it has greater ramifications than the original suit. *See Albritton Props. v. Am. Empire Surplus Lines,* No. Civ. A. 3:04-CV-2531-P, 2005 U.S. Dist. LEXIS 7330, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (citing *BHP Petroleum Co. Inc. v. Millard, 800 S.W.2d 838, 842 (Tex. 1990))*. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).

21.     To resolve this dispute, Counter-Plaintiffs request a declaration from this Court that the Bates have breached the Settlement Agreement and that they are therefore estopped from preventing the foreclosure of the Property. Further, the Counter-Plaintiffs request a declaration from this Court that they are entitled to proceed with a non-judicial foreclosure sale of the Property as provided for in the Settlement Agreement.

22.     All conditions precedent have been performed or have occurred.

WHEREFORE, PREMISES CONSIDERED, U.S. Bank and Ocwen pray the Court enter judgment that: Plaintiff take nothing on his claims; that U.S. Bank and Ocwen have and recover judgment against the Bates allowing them to proceed with foreclosure in accordance with the Security Instrument, Settlement Agreement and Texas Property Code section 51.002, or judicial foreclosure under Texas Rule of Civil Procedure 309; that U.S. Bank and Ocwen recover attorneys' fees on its declaratory judgment claim; U.S. Bank and Ocwen further request such other and further relief to which they may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**ROBERT T. LIEBER JR.**
Tennessee Bar No. 035829
rlieber@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686
*Attorneys for Counter-Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent on January 18, 2019, upon the following as indicated:

VIA ECF:
John Gannon Helstowski
jgh@jghfirm.com
J. Gannon Helstowski Law Firm
4150 International Plaza, Suite 102
Fort Worth, TX 76109

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**