IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEVIN BATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00065-O |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION | § | |
| and OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendants filed a Motion for Summary Judgement, Brief in Support, and Appendix (ECF Nos. 12, 13, and 14). After considering the briefing, the Court **GRANTS** Defendants' Motion for Summary Judgment.

**I.   BACKGROUND**

On December 31, 2018, Plaintiff sued Defendants in Texas state district court and asserted various causes of action against Defendants for allegedly mishandling his mortgage such that Defendants should be prevented from foreclosing on his property and entitling him to damages. *See generally*, Orig. Pet. Ex. B-1, ECF No. 1. Defendants removed the case because Plaintiff also included a federal claim for relief (ECF No. 1), they subsequently filed a counterclaim (ECF No. 2), and now move for summary judgement on all of Plaintiff's claims as a matter of law. Plaintiff did not respond.

The following facts are undisputed. In October 2000, Plaintiff and his former wife purchased a home in Southlake, Texas (the "Southlake Property"). To do so, they executed a note which was secured by the home. Defendant U.S. Bank Association ("U.S. Bank") now owns that

note and Defendant Ocwen Loan Servicing, LLC ("Ocwen") has been the mortgage loan servicer.[1] Plaintiff (and his former wife) have previously sued their note holders and mortgage servicers, alleging various causes of actions related to the note and mortgage servicing of the Southlake Property. In the first case, filed in 2009, Plaintiff's breach of contract, Texas Debt Collection Act, Texas Deceptive Trade Practices Act, and Texas Constitution claims related to the Southlake Property note and mortgage were dismissed by summary judgment.

Subsequently, Ocwen moved to foreclose on the Southlake Property because of Plaintiff's nonpayment. Before it could foreclose however, on July 6, 2015, Plaintiff again sued Defendants, seeking to postpone and/or prevent the foreclosure. In this second lawsuit, Plaintiff alleged breach of contract, Texas Debt Collection Act, property code violations, and other legal theories which would bar foreclosure related to the Southlake Property. The second lawsuit was resolved via settlement which resulted in all of Plaintiff's claims being dismissed with prejudice.

On February 5, 2018, Plaintiff filed another suit against Defendants and others and alleged breach of contract, breach of federal regulations related to mortgages, Texas Debt Collection Act, and fraud claims. All of these claims related to the note, mortgage and attempt to foreclose the Southlake Property. Defendants removed this 2018 lawsuit to federal court and it was dismissed because Plaintiff failed to prosecute it.

Following the dismissal of the February 2018 lawsuit, Defendants again attempted to foreclose on the Southlake Property which prompted Plaintiff to file the instant lawsuit—his fourth—in Texas state district court which, as stated above, Defendants removed. This lawsuit is now ripe for resolution.

**II.    LEGAL STANDARDS**

---

[1] Ocwen merged with PHH Mortgage Corporation in 2019.

Summary judgment is proper when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the court must deny the motion for summary judgment. *Id.* at 250.

## III.   ANALYSIS

Defendants contend all of Plaintiff's claims fail as a matter of law. Because Plaintiff's claims are barred by res judicata, the Court will only address this ground. The res judicata doctrine provides that a party is prohibited from relitigating claims that have been fully and finally adjudicated, as well as those matters related to the claims actually asserted. *In re Paige*, 610 F.3d 865, 870 (5th Cir. 2010). It bars a subsequent suit when the following elements are met: (1) the parties are identical or in privity; (2) the prior judgment was rendered by a court of competent

jurisdiction; (3) the previous judgment was final and on the merits; and (4) the same claim or cause of action is involved in both actions. *Id.*

The undisputed facts[2] show all of these elements are met here. The parties in Plaintiff's previous suits are either identical or in privity with those in this case. Three of Plaintiff's previous lawsuits against Defendants or their predecessors were resolved by a final judgment against Plaintiff, and there is no question the first lawsuit was resolved on the merits. And finally, the claims in this lawsuit are the same or similar to those involved in the previous cases in that they all involve the note, mortgage, and Southlake Property, or the claims in this case could have or should have been asserted his previous cases. These facts establish as a matter of law that Plaintiff's claims in this lawsuit are barred by res judicata.[3]

Based on the foregoing, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's claims are **DISMISSED with prejudice**.[4]

**SO ORDERED** this **10th day** of **June, 2020**.

                                      Reed O'Connor
                              UNITED STATES DISTRICT JUDGE

---

[2] Defendants filed an appendix containing the pleadings and orders from the previous lawsuits and the Court takes judicial notice of the documents on the docket of those cases. Additionally, Plaintiff has failed to respond to Defendants' Motion for Summary Judgment, so he has not controverted any of these facts. *See Eversley v. MBank Dallas*, 843 F. 3d 172, 174 (5th Cir. 1988) (a party who does not respond to a summary judgment motion fails to contest the movant's facts).

[3] Defendants seek final summary judgment. Motion 24, ECF No. 13. The Court construes this to mean there is no need to pursue their counterclaims. Accordingly, a Final Judgment dismissing this case with prejudice will be filed contemporaneously with this order.

[4] Should Plaintiff and/or his former wife bring another lawsuit related to the Southlake Property, and if that lawsuit is removed or transferred to the Northern District of Texas, Defendants, or those in privity to Defendants, may notify the assigned judge that the undersign will accept a transfer of this case.